**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAKI KOHAMA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS, INC.,

Defendant.

Case No.: 3:24-cv-1422-RBM-BJW

**ORDER:**

**(1) GRANTING JOINT MOTION TO FILE OVERLENGTH REPLY BRIEFS [Doc. 93];**

**(2) GRANTING IN PART MOTION TO ADVANCE HEARING DATE [Doc. 88];**

**(3) DENYING EX PARTE APPLICATION FOR RELIEF FROM PREMATURE MOTIONS [Doc. 91];**

Before the Court are several motions relating to the Parties' class certification and summary judgment briefing: a Joint Motion for Leave to File Overlength Reply Briefs ("Joint Motion") (Doc. 93); Defendant's Motion to Advance Hearing Date on Motions to Exclude Expert Testimony ("Motion to Advance") (Doc. 88); and Plaintiff's *Ex Parte* Application for Relief from Premature Motions ("*Ex Parte* Motion") (Doc. 91).

## I. JOINT MOTION

The Parties "jointly move to extend the page limit . . . from 10 pages to 15 pages" for their forthcoming reply briefs in support of Plaintiff's motion for class certification and

Defendant's motion for summary judgment. (Doc. 93 at 1–2.) The Joint Motion is **GRANTED**.

## II. MOTION TO ADVANCE / *EX PARTE* MOTION

Defendant requests that the Court rule on Defendant's motions to exclude expert testimony (Docs. 86, 87) simultaneously with its ruling on the motion for class certification. (Doc. 88 at 4.) Defendant argues that this is necessary because Plaintiff relies on the expert testimony sought to be excluded to argue that her putative class should be certified. (*Id.*) Plaintiff argues that the motions to exclude expert testimony are more appropriately resolved before trial because (1) the Ninth Circuit has never established that a *Daubert* inquiry is necessary at the class certification stage and (2) the Court can conduct a rigorous Rule 23 analysis without first resolving evidentiary disputes. (Doc. 91 at 3–4.)

This Court has previously explained that "the *Daubert* standard of admissibility applies at the class certification stage, and that 'an inquiry into the evidence's ultimate admissibility should go to the weight that evidence is given at the class certification stage.'" *Stewart v. Quest Diagnostics Clinical Labs, Inc.*, Case No.: 3:19-cv-02043-RBM-KSC, 2022 WL 5236821, at *7 (S.D. Cal. Oct. 5, 2022) (quoting *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018)). "Indeed, courts in this circuit have continued . . . to examine reports under *Daubert's* reliability standard at the class certification stage." *Id.* (collecting cases). Accordingly, and given the Court's wide discretion in considering and ruling on motions in limine, *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984), the Court finds it reasonable to consider motions to exclude expert testimony in conjunction with the motion for class certification. The Motion to Advance (Doc. 88) is thus **GRANTED in part** and the *Ex Parte* Motion (Doc. 91) is **DENIED**.

The Court also understands, however, that the briefing schedule on the motions to exclude expert testimony proposed by Defendant "conflict[s] with Plaintiff's counsel previously disclosed September vacation." (Doc. 91 at 3.) At the outset, the Court notes that a more fulsome meet and confer process likely could have obviated the need for motion practice here. (*See* Doc. 92 at 7 (arguing that this conflict could have "easily be[en]

resolved”).) This appears especially true given the Parties’ history of cooperation in this case. The Court trusts that, moving forward, the Parties will be able to resolve similar issues without judicial intervention. For now, though, the Court will set a briefing schedule on the motions to exclude expert testimony. Plaintiff shall file oppositions on or before **October 12, 2026**. Defendant may file replies on or before **October 29, 2026**. This Order does not otherwise alter any deadlines or directives in the February 6, 2026 Scheduling Order. (Doc. 54.)

**IT IS SO ORDERED.**

DATE: August 24, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE